MONTGOMERY McCRACKEN
WALKER & RHOADS, LLP
437 Madison Ave
New York, New York 10022
(212) 867-9500
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION f/k/a EVERGREEN MARINE CORPORATION,<br><br>Petitioner,<br><br>- against –<br><br>GLOBAL SHIPPING AGENCIES, S.A. and GLOBAL SHIPPING AGENCIES S.A.S.,<br><br>Respondents. | Civil Action No.: 20-cv-_____<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION f/k/a EVERGREEN MARINE CORPORATION (hereinafter, "Evergreen" or "Petitioner"), by and through its attorneys Montgomery McCracken Walker & Rhoads, LLP, for its Petition herein states as follows:

1. Petitioner brings this summary proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-208, and the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, to confirm an arbitration award issued in New Jersey in Petitioner's favor against Respondents Global Shipping Agencies, S.A. and Global Shipping Agencies S.A.S. ("Respondents").

## PARTIES

2. At all material times, Petitioner was and still is a corporation organized and

existing under the laws of one of the fifty states, with an office and principal place of business at One Ever Trust Plaza, Jersey City, New Jersey 07302.

3. Respondents are corporations organized and existing under the laws of a foreign sovereign, with an office and principal place of business at Carrera 43 A 1 A Sur 69 Interior 703, Medellin, Antioquia, Colombia and Carrera 100 # 25 B 40, Bogotá D.C. Cundinamarca.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1333, as this is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and pursuant to 9 U.S.C. §§ 201 and 203 as it involves an action to enforce an arbitral award subject to the Convention. In the alternative or in addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy is between diverse citizens of different states and exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court further has jurisdiction over Respondents as the agreed-upon arbitration clause designated New Jersey as the place of arbitration.

6. Venue is proper pursuant to 9 U.S.C. § 9 and/or § 204 and 28 U.S.C. § 1391(c)(3) because Defendants are foreign corporations and not resident in the U.S.

## BACKGROUND

7. Petitioner is the U.S., North America, Central America, and Caribbean agent for providing ocean container line services on behalf of its principals, Evergreen International S.A., Greencompass Marine S.A., and Evergreen Marine Corp. (Taiwan), Ltd.

8. Respondents are companies providing services for ocean container lines in Colombia, including, but not limited to, facilitating the import and export of containers arriving

and departing Colombia by ocean carriage, making arrangements for vessels entering and leaving Colombian ports, and preparing shipping documents ("Agent Services").

    9.      On December 1, 2003, Plaintiff and Defendants entered into an Agency Agreement ("Agreement"), whereas Defendants agreed to act as Plaintiff's agents in Colombia and provide Agent Services. A true and correct copy of the Agency Agreement is annexed hereto as **Exhibit "A"** [redacted for Confidentiality]:

    Clause 19 of the Agency Agreement, specifically provides:

> (a) This Agreement shall be governed by, and construed in accordance with, the law of the State of New Jersey in the United States.
>
> (b) Any and all differences and disputes of Whatsoever nature arising between [Evergreen] and the Agent in respect of this Agreement shall be referred to Arbitration in New Jersey before a Panel of three persons, consisting of one Arbitrator to be appointed by each of the parties hereto and a third by the two chosen. The decision of any two of the three on any point or points shall be final and binding upon both parties. Either party hereto may call for such Arbitration by service in accordance in accordance with Clause 19 hereof of a notice specifying the name and address of the Arbitrator chosen by the party wishing to Arbitrate. The other party shall appoint its Arbitrator within fourteen (14) days of receipt of such notice.

    Clause 20 of the Agency Agreement, further specifically provides:

> Any notice given pursuant to this Agreement shall be in writing and deemed to have been given when delivered by hand or by mail, email, facsimile, telegram, cable or radiogram to the other party's address first shown above or to such other address as other parties may from time to time have specified in writing

    10.      On December 28, 2018, Petitioner delivered a Demand for Arbitration (the "Notice") to Respondents. A true and correct copy of the Notice is annexed hereto as **Exhibit "B"**.

11. As set forth in the Notice, differences and disputes had arisen in respect of the Agency Agreement.

12. Despite Respondents' breach and Petitioner's Demand for Arbitration, Respondents refused to appoint an arbitrator and/or submit to arbitration.

13. On February 7, 2019, Petitioners commenced an action in the U.S. District Court for the District of New Jersey, captioned *Evergreen Shipping Agency (America) Corporation f/k/a Evergreen America Corporation v. Global Shipping Agencies, S.A. and Global Shipping Agencies S.A.S.*, Docket No. 2:19-cv-04958-MCA-JAD, (the "DNJ Action") compelling Respondents to submit to arbitration.

14. On November 12, 2019, Judge Arleo entered an Order in the DNJ Action granting Petitioner's motion for default and to compel arbitration of Respondents, and appointing Mr. George J. Tsimis, of Manhasset, New York, as an arbitrator on Respondents' behalf. A true and correct copy of the Order is annexed hereto as **Exhibit "C".**

15. A panel of there arbitrators, in accordance with the Agency Agreement, was selected with Petitioner selecting one, a second so appointed in the DNJ Action, and the two so chosen selecting a third to serve as Chairman.

16. Petitioner's claim was then arbitrated, with submission of documents and briefing. Despite notice of the arbitration, Respondents refused to participate.

17. On August 14, 2020, the Panel unanimously issued its Partial Final Award (the "Award") finding in favor of Petitioner against Respondents and awarding Petitioner the following:

    a. A monetary award of $1,160,473.57, consisting of:

        i. Damages in the amount of $1,040,925.73.

    ii. Legal fees and costs in the amount of $100,547.84.

    iii. Arbitrators' fees in the amount of $19,000.00.

    iv. Interest accruing at the rate of there-percent above the three-month London Interbank Offering Rate (LIBOR) on the principal amount, if payment is not made within 30 days of the date of the award (*i.e.,* by September 13, 2020).

b. Declaratory Relief, finding Respondents liable for Petitioner's reasonable and documented damages arising out of certain Third-Party Claims, with the Panel remaining constituted until August 14, 2021 to hear and decide such disputes as may arise in connection with the Award.

18. A true and correct copy of the Award is annexed hereto as **Exhibit "D"**.

19. Respondents have not paid the Award, despite notice and demand for same.

## THE AWARD IS ENTITLED TO CONFIRMATION BY THE COURT

20. This Petition has been brought within the time period required by the Convention and FAA.

21. There are no valid grounds to vacate, modify, or refuse to confirm the Award.

22. There are no pending applications to vacate or modify the Award.

23. Accordingly, the Award must be confirmed as a valid and enforceable final arbitration award pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9.

WHEREFORE, Petitioner respectfully prays that the Court enter an order, pursuant to 9 U.S.C. § 207 and/or 9 U.S.C. § 9, confirming the Award against Respondents Global Shipping Agencies, S.A. and Global Shipping Agencies S.A.S and directing that judgment be entered thereon in this Court, together with interest, costs and attorneys' fees incurred in connection with

this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

Dated: New York, New York
September 21, 2020

                                  Montgomery McCracken Walker & Rhoads LLP
                                  *Attorneys for Petitioner*

                     By:     /s/ Eric Chang
                                 Eric Chang
                                 echang@mmwr.com

                                 437 Madison Avenue
                                 New York, NY   10022
                                 (212) 867-9500